motion for the entry of respondent's default for failure to answer and for judgment as by default. It is so considered and sustained. *People v. Cowen*, 88 Colo. 571, 298 Pac. 957.

The motion is supported by documentary evidence presented to this court, consisting of a certified copy of proceedings in the district court of the City and County of Denver. It contains a copy of the complaint and information charging respondent with crime, shows his arraignment and plea of guilty, that evidence was taken to corroborate the plea, and that he was convicted and sentenced to serve a term in the state penitentiary.

Respondent's crime consisted of the embezzlement of the sum of $1,500, funds in his possession belonging to Simon Holland, one of his clients. The offense discloses such moral turpitude as to disqualify respondent for the practice of law. It is therefore the judgment of the court that his name be and hereby is stricken from the roll of attorneys and that he be and is disbarred from the further practice of law in this state.

Respondent disbarred.

---

### No. 12,951.

DENVER TRAMWAY CORPORATION *v.* PFALZGRAF ET AL.
(5 P. [2d] 1118)

Decided November 16, 1931.

Mr. W. A. ALEXANDER, Mr. CECIL M. DRAPER, Mr. GERALD HUGHES, for plaintiff in error.

Mr. JOHN H. DENISON, Mr. JACOB V. SCHAETZEL, for defendants in error.